IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNA HANKS, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL HODNETT, and | ) | |
| LANDSTAR INWAY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

For her cause of action against Defendants Michael Hodnett and Landstar Inway, Inc., Plaintiff Donna Hanks alleges and states as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Donna Hanks ("Donna" or "Plaintiff") is a Kansas resident who lives at 30002 West Hwy. K170, Osage City, Kansas 66423.

2. Defendant Michael Hodnett ("Hodnett") is a resident and citizen of the State of Virginia. On information and belief, Hodnett may be served with process at 882 Mollies Creek Rd., Gladys, Virginia 24554.

3. Landstar Inway, Inc. ("Landstar") is a Delaware for-profit corporation. According to the Delaware Secretary of State website, Landstar may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, Wilmington, Delaware 19801.

4. This Court has subject matter jurisdiction over the cause of action and personal jurisdiction over the parties given their diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00. *See* U.S.C. § 1332(a).

5. Venue is proper in this Court under 28 U.S.C. § 1391 because the acts and omissions that give rise to the claims alleged and described in this Complaint occurred in Nebraska.

## The Collision

6. US Highway 136 and 4th Street form a "T" intersection right outside of Brownville, Nebraska. At the "T" intersection, 4th Street approaches Highway 136 from the south, and motorists on it must either turn right (east) or left (west) onto Highway 136.

7. The westbound land of Highway 136 has two lanes, while the eastbound lane has one. However, the shoulder of the eastbound lane is wide enough to accommodate a full-size vehicle.

8. At about 2:07 p.m. on July 20, 2012, in Nemaha County, Nebraska, Donna was at the intersection, exiting 4th Street and making a left turn onto Highway 136.

9. At the same time, Hodnett was coming around a curve and heading eastbound on Highway 136. Hodnett was driving a tractor-trailer in the course and scope of his employment with Landstar.

10. Hodnett struck Donna's vehicle on her driver's side.

11. Hodnett was speeding. Also he drove *into* the oncoming westbound lane rather than staying in his lane of travel or swerving right onto the shoulder to avoid Donna.

12. Donna was seriously injured in the collision.

## Count 1: Negligence Claim Against Hodnett

13. Plaintiff incorporates the above statements in the previous paragraphs.

14. Plaintiff submits that Hodnett was negligent and 100% at fault for the collision with respect to the following actions and/or inactions:

   a. driving faster than the maximum speed limit on a curved road in a zone where the speed limit was just changing; and/or

   b. failing to stop or slow his tractor-trailer to avoid an accident; and/or

   c. failing to maintain control of his tractor-trailer; and/or

   d. failing to keep a proper lookout; and/or

   e. failing to use reasonable and ordinary care to maneuver his tractor-trailer to avoid an accident; and/or

   f. turning directly into the westbound lane where he struck Donna's passenger vehicle, rather than turning onto the shoulder to avoid a collision.

15. As a result of the motor vehicle collision and Hodnett's negligence, Donna suffered bodily injury causing ongoing pain and physical limitation, and requiring future medical treatment to address the injuries.

16. Additionally, since the collision, Plaintiff has required follow-up care to address the injuries she sustained in the collision.

17. As a result of the motor vehicle accident, Plaintiff has incurred medical bills and will need future medical are and services to address her injuries and disabilities arising from the accident.

18. As a result of the motor vehicle collision, Plaintiff incurred lost wages in the past and has suffered a loss of ability to earn in the future.

19. As a result of the motor vehicle accident, Plaintiff has suffered past physical pain and emotional suffering and will experience physical pain and emotional suffering in the future.

20. As a direct and proximate result of Hodnett's negligent acts as set forth herein, Plaintiff has sustained personal injuries which are permanent in nature and damages in excess of $75,000.00.

21. For the above reasons, Plaintiff prays for judgment against the above-named Defendant in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future lost wages, past and future pain, suffering, and disability, for costs of this action, and for such other and further relief as the Court deems just and equitable.

### Count 2:  Negligence Claim Against Landstar

22. Plaintiff incorporates the above statements in the previous paragraphs.

23. Plaintiff submits that Landstar is, by way of vicarious liability, negligent and 100% at fault for the collision with respect to the following actions and/or inactions:

    a. Negligent hiring of Defendant Hodness; and/or

    b. Negligent supervision of Defendant Hodnett; and/or

    c. Failure to properly and adequately train Defendant Hodnett; and/or

    d. Failure to perform an appropriate background check on Defendant Hodnett.

24. As a result of the motor vehicle collision and Landstar's negligence, Donna suffered bodily injury causing ongoing pain and physical limitation, and requiring future medical treatment to address the injuries.

25. Additional, since the collision, Plaintiff has required follow-up care to address the injuries she sustained I the collision.

26. As a result of the motor vehicle accident, Plaintiff has incurred medical bills and will need future medical care and services to address her injuries and disabilities arising from the accident.

27. As a result of the motor vehicle collision, Plaintiff incurred lost wages in the past and has suffered a loss of ability to earn in the future.

28. As a result of the motor vehicle accident, Plaintiff has suffered past physical pain and emotional suffering and will experience physical pain and emotional suffering in the future.

29. As a direct and proximate result of Landstar's negligent acts as set forth herein, Plaintiff has sustained personal injuries which are permanent in nature and damages in excess of $75,000.00.

30. For the above reasons, Plaintiff prays for judgment against the above-named Defendant in an amount in excess of $75,000.00 for past medical expenses, future medical expenses, past and future lost services and disability, past and future lost wages, past and future pain, suffering, and disability, for costs of this action, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DONNA HANKS, Plaintiff

By:   /s/ Dirk V. Block_____
Dirk V. Block, #18035
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
Omaha, NE 68154
(402) 492-9800
dblock@mcrlawyers.com

Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Dated: February 1, 2016.

                                      DONNA HANKS, Plaintiff

By:   /s/ Dirk V. Block
       Dirk V. Block, #18035
       MARKS CLARE & RICHARDS, L.L.C.
       11605 Miracle Hills Drive, Suite 300
       Omaha, NE 68154
       (402) 492-9800
       dblock@mcrlawyers.com

       Attorneys for Plaintiff

N:\WDOX\CLIENTS\22406\000\PLEA\00175079.DOCX